**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2012

Lyle W. Cayce
Clerk

No. 11-70027

EDGARDO RAFAEL CUBAS,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
No: 4:10-CV-604

Before STEWART, CLEMENT, and PRADO, Circuit Judges.

EDITH BROWN CLEMENT:*

Edgardo Rafael Cubas, a Texas death row inmate, was convicted of murder committed during a sexual assault. The Texas judge presiding over his trial was a former prosecutor and defense attorney who Cubas claims was not impartial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-70027

Cubas seeks a Certificate of Appealability ("COA") due to the alleged impartiality. Because Cubas has not shown entitlement to habeas relief, we DENY his request for a COA.

## FACTS AND PROCEEDINGS

Cubas was sentenced to death in 2004 for murdering a fifteen-year-old girl. The facts of his crime are not before this court.[1] Judge Jan Krocker, presiding judge of the 184th District Court for Harris County, Texas, presided over Cubas' trial. Judge Krocker was a former assistant district attorney with the Harris County District Attorney's Office. While an assistant district attorney, Judge Krocker prosecuted a capital murder case against Martin Allen Draughon in 1987. It is not alleged that Draughon has any relationship with Cubas, nor that their crimes are in any way related. In 1995, Judge Krocker took the bench. During Cubas' trial, Draughon was in the midst of seeking federal habeas corpus

---

[1] The United States District Court has previously summarized the underlying facts:

On January 22, 2002, an individual found the partially nude body of fifteen-year-old Esmeralda Alvarado in a secluded area of Harris County. Four days earlier, Ms. Alvarado disappeared after leaving her boyfriend's house to use a pay phone. Police investigation showed that Ms. Alvarado died from a single gunshot to the head. Her body bore signs of sexual trauma.

Several months passed without any leads. Finally, Cubas' co-defendant Walter Sorto ("Sorto") incriminated him in the duo's nine-month crime spree, of which Ms. Alvarado's murder was only one incident. On August 21, 2002, the police arrested Cubas. Cubas gave the police five videotaped statements over a two-day period. Cubas' statements chronicle several robberies, rapes, and murders he committed with Sorto. With regard to Ms. Alvarado's murder, Cubas explained that he and Sorto were driving around when they saw her talking on a pay phone. Intending to rob her, Sorto forced Ms. [Alvarado] into the vehicle. After unsuccessfully searching her for money, Cubas began raping Ms. [Alvarado]. The two men drove to various locations and took turns sexually assaulting her. Finally after traveling to a secluded area, Sorto told Cubas that they would have to kill Ms. [Alvarado] so that she could not identify them. Cubas originally told the police that Sorto fired the killing shot. In Cubas' final statement given to Houston Police Department Officer Xavier Avila, he admitted that he shot Ms. [Alvarado].

*Cubas v. Thaler*, No. H-10-604 2011 WL 4373196 at *1 (S.D. Tex. Sept. 16, 2011).

2

No. 11-70027

relief. Judge Krocker sought to file an affidavit in Draughon's case to show that she had not committed prosecutorial misconduct before the state trial court. Cubas' trial counsel was unaware of Judge Krocker's participation in Droughon's federal habeas case.

On state habeas review, Cubas argued that the alignment of interests in the Draughon case made Judge Krocker biased against him. Cubas argued that Judge Krocker's actions made her effectively a member of the prosecutor's office, with her concern for the integrity of Draughon's conviction and sentence spilling over into his case. He asserted that Judge Krocker's interest in keeping Draughon on death row somehow translated into seeing Cubas receive a similar fate.

> The state habeas court denied relief on procedural and substantive grounds. As a procedural matter, the state habeas court applied Texas' contemporaneous objection rule because trial counsel had not complained about bias at trial. Substantively, the state habeas court provided several reasons for finding that Judge Krocker was not biased against Cubas. The state habeas court first emphasized that the two proceedings were unrelated: "no aspect of the [Cubas'] case had any relation to the trial or subsequent appeals, including habeas appeals, of defendant Martin Allen Draughon." Importantly, "Judge Krocker had no role in the preparation, investigation, or prosecution of the instant capital murder case." The state court observed that any alleged bias could not have been pervasive; trial counsel did not know about her actions in *Draughon* and were not sure they would have objected had they known. Also, the state habeas court found that Judge Krocker's rulings did not hint of any prejudice against him. In conclusion, the state habeas court found that Cubas "was provided an impartial and disinterested tribunal with respect to the instant capital murder trial and [his] allegations of bias regarding Judge Krocker are speculative, unpersuasive, and not supported by the record."

*Cubas*, 2011 WL 4373196 at *7 (internal citations omitted).

No. 11-70027

The state habeas court found that Texas' contemporaneous objection rule which requires "a party to preserve an issue for appellate review" by making "a timely objection with specific grounds for the desired ruling," *Livingston v. Johnson*, 107 F.3d 297, 311 (5th Cir. 1997), prevented habeas review of Cubas' claims of bias. Cubas appealed this ruling and raised thirty-five grounds for habeas corpus relief before the district court. The district court examined each ground and found that Cubas did not show an entitlement to habeas relief either on procedural grounds or on the merits. Cubas seeks a COA on his claim the trial judge was not impartial.

## STANDARD OF REVIEW

A COA is a jurisdictional requirement for our consideration of an appeal on the merits. "[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citation omitted). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. "While the nature of a capital case is not of itself sufficient to warrant the issuance of a COA, in a death penalty case any doubts as to whether a COA should issue must be resolved in the petitioner's favor." *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007) (quoting *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005)).

No. 11-70027

## DISCUSSION

Cubas alleges that Judge Krocker was both actually and presumptively biased against him due to her involvement in *Draughon*. *See Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). Courts "presume that public officials have 'properly discharged their official duties,'" *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)), therefore "bias by an adjudicator is not lightly established." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997). The question before us is whether Cubas can overcome this high bar and demonstrate a valid constitutional claim of either actual or presumptive judicial bias. Because Cubas cannot make a substantial showing of a denial of a constitutional right, we deny his application for a COA.

### A.    Actual Bias

Cubas alleges actual bias by citing eight actions which he claims demonstrated animus against him, such as Judge Krocker giving prospective jurors an incorrect definition of "intentional" when discussing the legal requirements for murder prior to seating the jury. The specific examples were rejected by the district court as both independent bases for relief and as proof of bias. None of these alleged errors demonstrate prejudice. While they might have served as grounds for objection at trial, Cubas cites no case indicating such objectionable actions have ever been found to show substantial bias. As the district court noted, "taken cumulatively, [the specific allegations of error demonstrating bias] do not display a pervasively obvious actual bias against Cubas." *Cubas*, 2011 WL 4373196 at *10. These alleged errors at trial are insufficient to demonstrate a denial of a constitutional right. Because Cubas can point to no compelling evidence of actual bias by Judge Krocker at trial, we deny his request for a COA based on actual bias.

No. 11-70027

B.      Presumptive Bias

Cubas next alleges that Judge Krocker's involvement in the completely unrelated federal habeas proceedings for Draughon gave the appearance of bias and thus the presumption of bias overshadows this case.  Cubas claims that Judge Krocker's intervention in *Draughon* caused her to be biased against him because she was acting simultaneously as judge and prosecutor.

> "[T]he United States Supreme Court has consistently enforced the basic right to due process and found that decision makers are constitutionally unacceptable when: (1) the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) an adjudicator has been the target of personal abuse or criticism from the party before him; and (3) a judicial or quasi judicial decision maker has the dual role of investigating and adjudicating disputes and complaints.

*Bigby v. Dretke*, 402 F.3d 551, 558-59 (5th Cir. 2005).  To show a constitutional violation, Cubas must show that Judge Krocker's intervention in *Draughon* ran afoul of one of these three categories.

The facts of this case are not even close to those cases in which the Supreme Court has found presumptive bias.  Judge Krocker's affidavit in *Draughon* was completely unrelated to the proceedings in Cubas' trial.  Cubas cites no portion of her affidavit or any other evidence to indicate a relationship between his prosecution and Draughon's and there is no evidence to show Judge Krocker had any personal interest in the outcome of Cubas' trial.  Cubas does not allege he abused or criticized Judge Krocker prior to the trial.  Cubas does not show bias under the first two prongs to form the basis for us to find substantial evidence of a constitutional violation.

We have never held that the third prong is violated when the two parties in question are unrelated and decline to do so here.  Judge Krocker's activity in *Draughon* was in no way related to Cubas' case.  She filed an affidavit which

does not make any mention of Cubas or discuss the Cubas case. Regardless of Judge Krocker's motivation for involving herself in *Draughon*, and regardless of the prudence in doing so, she was not simultaneously sitting in judgment over Cubas and prosecuting Cubas or anyone related to Cubas. As the district court found "Whatever actions she may have taken in *Draughon*, Judge Krocker's temperament, comportment, and rulings in Cubas' trial do not hint of impermissible bias or prejudgment." *Cubas*, 2011 WL 4373196 at *11. While Cubas argues Judge Krocker was certainly not unbiased in *Draughon*, he fails to make the necessary link between her desire to maintain the outcome she had previously obtained while prosecuting Draughon with her desire for a particular outcome in the Cubas trial. Barring this link, we do not find presumptive bias and therefore hold that Cubas has failed to make a substantial showing of a denial of his constitutional rights.

## CONCLUSION

For the foregoing reasons, we DENY Cubas' application for a COA.